CASE 5—ACTION FOR TAXES—JUNE 24, 1896.

# Henderson Bridge Co., Etc. v. City of Henderson.

(Omitted from the official reports heretofore, and now ordered by the court to be included.)

APPEAL FROM HENDERSON CIRCUIT COURT.

From the judgment in this case, a writ of error was prosecuted to the Supreme Court of the United States, and on April 3, 1899, the same was affirmed. 173 U. S., 592.

1. TAXATION—PLEA OF RES ADJUDICATA.—Whether an adjudication of the liability of plaintiff for taxes for one year is conclusive in an action for the same purpose for any subsequent year upon the question of liability alone, it is not conclusive where the defense is that the assessments were unjust and excessive.

2. EXCESSIVE ASSESSMENTS—CORRECTION OF.—The failure of the appellant to avail itself of the remedy provided by law for the correction of an erroneous or excessive valuation will preclude it from complaining of the assessment when it is sued for the taxes.

3. TAXATION—BY MUNICIPALITY AS TAXING DISTRICT.—The city of Henderson, as a taxing district, has power to subject for rail-

Henderson Bridge Co., etc., v. City of Henderson, etc.

road and school taxes all the bridge property belonging to the appellant within the city limits.

4. SAME—BENEFITS NOT THE MEASURE OF TAXING POWER.—The rule, applicable to farming lands, that the power to tax for municipal purposes does not exist in the absence of benefits, actual or presumed, is not applicable to bridge property. (Louisville Bridge Co. v. City of Louisville, 81 Ky., 189, overruled.)

5. CONSTITUTIONAL LAW—COMPACT WITH VIRGINIA.—The act empowering the city of Henderson to tax appellant's bridge does not violate the Virginia compact whereby navigation of the Ohio river is to be free and common to the citizens of the United States.

6. SAME—IMPAIRMENT OF THE OBLIGATION OF A CONTRACT.—Nor does the fact that appellant accepted its charter and expended its money upon the faith that, under the previous rulings of this court, its bridge north of low-water mark would be exempt from municipal taxation, constitute a contract whose obligation is impaired by the act conferring the taxing power on the appellee.

WILLIAM LINDSAY, FOR THE APPELLANT.

1. The city of Henderson has no power to collect taxes by suit. Johnson v. Louisville, 13 Bush, 527; Baldwin v. Hewitt, 88 Ky., 673; Louisville Water Co. v. Com., 89 Ky., 244. The appellant is not a railroad, and if it were, the assessments must have been made by the railroad commissioners, which was not done. Gen. Stat. (Bullitt & Feland, 1883) p. 1021.

2. The taxation sought to be recovered is municipal taxation and not taxation for school or railroad purposes. Refunding the bonds made them a city debt. For city purposes the appellant's bridge could not be taxed. Louisville Bridge Co. v. City of Louisville, 81 Ky., 189.

YEAMAN & LOCKETT ON THE SAME SIDE. (H. W. BRUCE, WM. LINDSAY, OF COUNSEL.)

1. The funding of the railroad, school, and water-works bonds under the funding act of 1878 extinguished those debts and made the refunding bonds a municipal obligation standing upon the footing of an ordinary expenditure of the city government. This fact brings the case within the principle decided by this court in the Louisville Bridge Company case, 81 Ky., 189.

2. The assessment is unjust and excessive, and the city going into a court of equity will be required to do equity. Pom. Eq. Jur., vol. 1, Sec. 388.

3. At the time the charter of the Henderson Bridge Company was accepted and its money expended, it was the settled law of this State that property although it had a physical situs within the municipality, was not taxable unless it derived some benefit from the city government. Cheany v. Hooser, 9 B. M., 345; City of Covington v. Southgate, 15 B. M., 491; Courtney v. Louisville, 12 Bush, 421; Marshall v. Donovan, 10 Bush, 692; Louisville Bridge Company case, *supra*. And this being true, any act which operated to render taxable that which was not taxable before, impairs the obligation of the appellant's contract with the State. Gelpcke v. Dubuque, 1 Wall., 206; Havemeyer v. Iowa City, 3 Wall., 294; Douglas v. Pike county, 101 U. S., 687; Cooley on Taxation, 55. .

4. The compact with Virginia, enacted by Congress, is surely abrogated if the city of Henderson has authority to tax the bridge company.

5. The plea of *res judicata* relied on by appellee is ineffectual to prevent a decision of this case on its merits. Keokuk & Western Ry. v. Missouri, 152 U. S., 314-16; Black on Judgments, vol. 2, Sec. 548; Cooley on Taxation, p. 55.

6. The power of taxation is strictly construed. Com. v. Rupert, 10 Bush, 179; Dillon on Municipal Corporations, Sec. 605; Kniper v. City of Louisville, 7th Bush, 599.

CLAY & CLAY, AND MONTGOMERY MERRITT, FOR APPELLEE.

1. The right of the city to tax the Bridge Company is *res judicata*. Herman on Estoppel, vol. 1, Secs. 97, 98, 115; Black on Judgments, vol. 2, Sec. 506; Duchess of Kingston case, 3 Smith's Leading Cases, 2094; Dooley v. Potter, 140 Miss., 49; Kilauder v. Horne, 111 Ind., 10; Cromwell v. County of Sac., 94 U. S., 351; Milne v. Deen, 121 U. S., 525; Keokuk & Western Ry. Co. v. Missouri, 152 U. S., 314; Doty v. Brown, 53 Am. Dec., 350; Henderson Bridge Co. v. City of Henderson, 12 Ky. Law Rep., 414.

2. The exemption from taxation of property within the city which derives no benefit, actual or presumed, from the city government, is strictly limited to taxation for municipal purposes. Where the city constitutes a tax district for school, railroad,

Henderson Bridge Co., etc., v. City of Henderson, etc.

or other purposes, the rule, even if applicable to bridge property, does not apply. Lambert v. City of Henderson, 8 Bush, 610; Cooley on Taxation, p. 158 (2d ed.); St. Louis Bridge Co. v. City of East St. Louis, 12 N. E. R., 724.

Montgomery Merritt and Clay & Clay, in a supplemental brief for the appellees, cited Milne v. Dean, 121 U. S., 525; 1 Herman on Estoppel, Sec. 97; Davis v. McCorkle, 14 Bush, 746; 2 Black on Judgments, 506; 3 Smith Leading Cases, 2094-2095-2096; 38 Maryland, 513; 38 Fed. Rep., 867; 2 Van Fleet on Former Adjudication, 797; 141 U. S., 689; 92 U. S., 575, State R. R. Tax case; National Bank v. Kimball, 103 U. S., 732; 37 O. St., 571; Stanley v. Supervisors of Albany, 121 U. S., 549; Henderson Bridge Co. v. Com., 17 Ky. Law Rep., 389; Henderson Bridge Co. v. Com., 90 Ky., 498; St. Louis Bridge Co. v. City of E. St. Louis, 121 Ill., 238; 141 U. S., 689; Louisville Bridge Co. v. Louisville, 81 Ky., 189.

JOHN YOUNG BROWN, MONTGOMERY MERRITT AND J. L. DORSEY, FOR THE APPELLEE, IN A PETITION FOR A REHEARING.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The Henderson Bridge Company was in 1872 by statute of this State incorporated with power to construct and own a bridge across the Ohio river. It was, however, not organized for business until 1880 when the Louisville & Nashville Railroad Company, an existing and distinct corporation, became principal stockholder.

In February, 1882, the city of Henderson gave the bridge company right to build the bridge over one of its streets and use of another. But in the ordinance making the grant, which the company accepted and agreed to abide by, right of the city to levy and collect taxes on that portion of the structure situated within the municipal boundary then extending to low-water mark on the northern shore, was reserved. And the bridge thus located was about that date begun, and in 1885 completed.

In December, 1887, the city of Henderson brought on

action to recover of the bridge company amount of taxes alleged to be due for each of the years, 1886 and 1887, according to assessed value of that portion of the bridge property within its boundary; also prescribed penalties for non-payment. Louisville & Nashville Railroad Company was, upon its petition, subsequently made a party defendant, having, as stated, acquired possession of the bridge and agreed to pay all taxes properly assessed against it.

The lower court adjudged plaintiff recover amount sued for; that it had a lien therefor upon so much of the bridge property as was assessed; and the bridge company was ruled to pay it. That judgment was in 1890 on appeal to this court affirmed. See 90 Ky., 499.

The present action was brought December 4, 1890, to recover amount of like taxes and penalties for the years 1888 and 1890. And a like judgment is now before us for revision.

It appears the taxes sued for in this as in the former action were levied to pay not only ordinary municipal expenses, including current expenses of public schools, but interest on water-works bonds, railroad bonds, and school bonds previously issued. And it is conceded by appellants that portion of the bridge property south of low-water mark on the Kentucky shore and within the city boundary is subject to taxation for all the purposes mentioned. But they controvert right of the city of Henderson to subject to taxation for municipal purposes that portion between low-water mark on the southern and low-water mark on the northern or Indiana shore. And arguing that the effect of funding the original water-works railroad, and school bonds was to render all the new bonds municipal debts

proper, they deny said portion of the bridge is now subject to taxation for any of those purposes.

But in the opinion on former appeal, right of the city to levy taxes on the entire bridge within its boundary to pay interest on railroad and school bonds was recognized as still existing and distinct from the right to levy taxes thereon for purely municipal purposes. It was held, as had been previously done by this court, that a city or town might by statute be constituted a taxing district with power as such to impose a railroad or school tax upon property therein without judicial inquiry as to benefits resulting to individuals. And that as the city of Henderson had been constituted such taxing district for both railroad and school purposes, the entire bridge property within its boundary was subject to taxation to pay interest on the railroad and school bonds.

Right of the city to subject that part of the bridge within its boundary north of lower-water mark on the southern shore to taxation for municipal purposes was likewise recognized, but decided to exist only in virtue of the contract whereby it was reserved as consideration for the grant of way and use of the streets.

It is therefore contended that adjudication and determination of the issues in that action is conclusive of the right claimed by plaintiff in this. But defendants contend and cite authority in support of the proposition that a suit to recover taxes for one year is no bar to a suit for taxes of another; and then argue, very properly, that if the State could not be bound by an erroneous decision, neither ought a citizen be estopped defending a claim of an unjust tax.

Whether that plea be available in other respects the particular defense that assessments of the bridge prop-

erty for the two last years named were unjust and excessive can not be treated as *res judicata,* because right to collect taxes is based upon yearly assessments, each of which in its turn may be called in question. Appellants, however, have no right to complain of the assessments referred to, for if either had been too high, which does not satisfactorily appear, there was opportunity to apply for correction by the proper tribunal of which they neglected to avail themselves.

Even if the question had not been directly so determined on the former appeal, we would now decide that the city of Henderson, as a taxing district, has power to subject all the bridge property within its boundary to the railroad and school taxes, for such is the settled doctrine of this court. But as counsel for appellants, with some plausibility insist that if the city of Henderson did not have power to tax the same property for purely municipal purposes it could not acquire it by said contract; and state some reasons not heretofore presented why the power does not exist at all, we deem it proper, without however deciding as to the plea of *res judicata* to reconsider and discuss the main question.

The rule recognized and applied by this court is, that although power may be given by the Legislature to enlarge the boundary of a city or town, and tax for municipal purposes persons and property thus included, the exercise of it is subject to judicial revision and may be restrained. That rule which is not adopted in most of the States, the wisdom and policy of which has been criticised by eminent text writers as an encroachment upon the legislative department, was first applied in the hard case of agricultural lands being brought by statute within a city or town boundary and made subject to municipal taxation against

will of the owners.   And it never was applied to other
subjects of taxation, until the case of Louisville Bridge
Co. v. City of Louisville, 81 Ky., 189, was before this court
in 1883.   But even in the leading case of Cheaney v.
Hooser, 9 B. M., 330, it was held "that there must neces-
sarily be vested in the legislative department a wide
range of discretion, not only as to the objects for which a
tax, general or local, may be enforced, as to which its judg-
ment would seem to be conclusive, but also as to the par-
ticular subjects or species of property which shall be liable
to taxation, and as to the extent of territory within which
a local tax shall operate."   And it was further held that
courts are authorized to interfere in such cases only when
the burden though called so is palpably not a tax, but is
under the form of a tax, the taking of private property for
use of others or for the public without compensation.
In all such cases it was held that exact equality in the lo-
cal burdens imposed should not, because unattainable, be
made a test of the right to extend corporate boundary of
a city or town, so as to bring in persons and property not
hitherto included; but that if such persons and their prop-
erty have nearly all advantages which actual citizens de-
rive from its business improvements, institutions, and
good government, no such flagrant case is presented as
authorizes the court to declare the statute unconstitu-
tional.

In none such cases was it held allowable or proper for
the court to interpose in behalf of a person who had vol-
untarily sought or consented to extension of town or city
boundary, so as to include him and his land.

If the right or propriety of this court interfering to re-
lieve the Henderson Bridge Company from municipal tax-
ation of that part of its bridge now in question be tested

by the rule as heretofore applied in cases of agricultural lands included by extension of town or city boundaries, even when done against will of the owners, we would not be authorized to do so. For it is too plain for discussion that not only does that bridge derive benefit and protection from the municipal government, but it has obtained and now enjoys peculiar advantages and privileges by reasons of its relative position, not possessed by others who share with it the local burdens.

But this is not the case of a person and his property being included by extension against his will of the corporate boundary of a city or town. On the contrary, the bridge company voluntarily located and constructed its bridge within the corporate boundary of the city of Henderson, that then, like territorial limits of the State, extended to low-water mark on the northern shore. And that the benefits and advantages of such locations and exceptional privileges granted by the city of Henderson, as estimated by the bridge company itself, do fully compensate it for the local burden imposed is shown by the contract with the city, though it is now repudiated.

Applying the just and equitable rule of making burdens and benefits of government reciprocal, we think the whole bridge structure within corporate limits of the city of Henderson is liable for municipal taxes; for neither the benefits to the bridge company, nor corresponding duty to bear its full share of the burden is impaired or affected by the fact a portion of the bridge is over water. And as such conclusion is inconsistent with the ruling in Louisville Bridge Co. v. City of Louisville, that case must be now overruled.

But it is contended by counsel for appellant that because by what is called the compact with Virginia, naviga-

tion of the river Ohio is made free and common to the citizens of the United States, the Legislature of this State could not authorize the bridge taxed by the city of Henderson.

That question seems to have been made in the case of Louisville Bridge Co. v. City of Louisville and properly decided contrary to the views of counsel.

It is also contended substantially that inasmuch as the Henderson Bridge Company accepted its charter, expended money in constructing the bridge and upon the faith that in the sense of previous decisions of this court, the portion of the structure north of low-water mark on the southern shore would not be subject to municipal taxation, it has acquired a contract right to exemption therefrom.

A simple and sufficient answer to that proposition is that what is called a contract is wholly without consent or consideration, essential and vital elements of every contract.

Wherefore, the judgment is affirmed.